**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

**SENTENCING MEMORANDUM**
Criminal No. 06-10(2) ADM/JJG

Lee D. Stagni,

        Defendant.

_____

Timothy C. Rank, Esq. and Michael L. Cheever, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff.

Donald M. Lewis, Esq. and Cynthia P. Arends, Esq., Halleland Lewis Nilan & Johnson P.A., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On September 21, 2006, a jury found Defendant Lee D. Stagni ("Stagni") guilty of five counts of aiding and abetting tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2, and one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On April 11, 2007, this Court sentenced Stagni to a term of 43 months of incarceration. Other aspects of Stagni's sentence were stated on the record, and are recorded in the Judgment and Commitment. This Sentencing Memorandum supplements the reasons the Court provided at the sentencing hearing regarding two issues. First, this Memorandum sets forth the Court's calculation of the tax loss attributable to Stagni. Second, this Memorandum further explains the Court's reasons for the sentence imposed.

## II. TAX LOSS

At the sentencing hearing, the Court determined that the applicable United States

Sentencing Guidelines ("Guidelines")[1] calculations are as follows:

| | |
|---|---|
| Base Offense Level: | 24 |
| Sophisticated Means Enhancement: | +2 |
| Adjustment for Role in the Offense: | +3 |
| Adjusted Offense Level: | 29 |
| Criminal History Points: | 0 (Category I) |
| Imprisonment Range: | 87 to 108 months |
| Supervised Release: | 2 to 3 years |
| Fine Range: | $15,000 to $150,000 |
| Special Assessment: | $600 |

In reaching a base offense level of 24, the Court determined that Stagni's offenses resulted in a total tax loss of $3,211,603. This total is the sum of the tax loss amounts in paragraphs 28, 31, 32, 33, and 34 of the Probation Office's Presentence Investigation ("PSI"). Under the tax table in Guidelines § 2T4.1, a tax loss greater than $2,500,000 but less than $7,000,000 results in a base offense level of 24.

### III. REASONS FOR THE SENTENCE IMPOSED

Unique circumstances in this case warrant both a downward departure under Guideline § 5H1.6 and a downward variance based on the factors in 18 U.S.C. § 3553(a). Stagni and his wife Kathy have an 18 year old daughter, Melissa, who has Propionic Acidemia ("PA"), a rare metabolic disorder that occurs in approximately 1 out of 100,000 live births in the United States. People with PA can not process certain proteins and lipids properly, resulting in an accumulation of harmful acids and toxins that can damage organs and delay development. Shortly after she was born, before doctors determined she had PA, Melissa experienced high ammonia levels in her blood, which almost killed her, and resulted in irreversible brain damage; Melissa has an IQ

---

[1] The Guidelines Manual incorporating Guidelines amendments effective November 1, 2005 is used in order to avoid violating the *ex post facto* clause of the United States Constitution. See Guidelines § 1B1.11.

of 58.

No cure exists for PA, which must be managed by strict dietary control specific to the symptoms of each affected individual. Throughout Melissa's life, Defendant has taken primary responsibility for preparing and adjusting daily a special formula consisting of prescription powder, whole milk, baby food, and yogurt, which is administered to Melissa through a feeding tube inserted through her nose, down her throat, and into her stomach. Stagni carefully monitors Melissa's diet as necessary so that Melissa does not experience elevated levels of ammonia in her blood, which can require hospitalization. Although both Stagni and his wife are involved in Melissa's care, the calculation aspects have been exclusively Lee Stagni's responsibility. One of Melissa's doctors reports that her survival to the age of eighteen is primarily due to the efforts of her parents. See 4th Lewis Decl. [Docket No. 240] Ex. N.

Melissa's PA and mental retardation also require that Stagni and his wife assist Melissa with routine daily functions such as hygiene. Stagni and his wife work together with a physician, metabolic specialist, nutritionists, and therapists to care for Melissa, who has also been diagnosed with cardiomyopathy, a disease in which inflamed muscle impairs the functioning of the heart. Neither Stagni nor his wife has family in Minnesota who can assist with Melissa's daily care. Stagni's caretaking responsibilities for Melissa far preceded his criminal conduct in this case and are well documented in the many letters received from those involved with Melissa's PA, including the medical professionals. See 4th Lewis Decl. Exs. B-EE.

Based on these facts, the Court finds that a downward departure is appropriate because of Stagni's family responsibilities—in particular his caretaking of Melissa. In making a downward

3

departure because of family responsibilities, a court must consider: "the seriousness of the offense; the involvement in the offense, if any, of members of the defendant's family; and the danger, if any, to members of the defendant's family as a result of the offense." Guidelines § 5H1.6 cmt.  Stagni's tax crimes are serious offenses that affect the public treasury.  However, Stagni's tax crimes did not involve any physical harm to others.  Stagni's family did not participate in the crimes, and the crimes did not cause danger to members of his family.

The Court finds a substantial downward departure based on loss of caretaking is appropriate because: (1) a sentence within the 87 to 108 months Guidelines range "will cause a substantial, direct, and specific loss of essential caretaking" for Melissa; (2) the loss of caretaking in this case "substantially exceeds" the harm ordinarily caused by the incarceration of a similarly situated defendant; (3) given the rarity of PA and the fact that Stagni and his wife have the most knowledge of Melissa's unique needs, Stagni's caretaking of Melissa is "irreplaceable to the family;" and (4) a departure "will effectively address the loss of caretaking."  See id.

In addition to caring for the special needs of his daughter, for the past ten years Stagni and his wife have led the Organic Acidemia Association ("OAA"), a non-profit organization that provides support and information to caregivers of children with organic acidemia diseases.[2] Time that Stagni serves in prison will substantially reduce the activities and services provided by the OAA.

In addition to a departure under the Guidelines, the Court finds that a variance from the Guidelines range is appropriate under the factors set forth in 18 U.S.C. § 3553(a).  Under this

---

[2] Propionic acidemia is an organic acidemia disease.

4

section, a court must impose a sentence "sufficient, but not greater than necessary" to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide
> just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care,
> or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Additionally, a court must consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. Id.

The Court has considered these factors and has determined that a variance from the Guidelines range is warranted. Stagni has no previous criminal history. Stagni's caretaking of Melissa and his involvement in the OAA are discussed above. Additionally, Stagni has volunteered to coach Melissa and others in Special Olympics sports and adapted sports such as basketball, bowling, golf, gymnastics, soccer, and softball. See 4th Lewis Decl. Exs. H, EE. Stagni has mentored family members, friends, and other individuals regarding various topics such as business, parenting a disabled youth, and life skills. See id. Exs. B, I, O, X. Stagni and his wife are active members in their church and school community. In short, Stagni's history and characteristics support a downward variance from the Guidelines range of 87 to 108 months.

Further, the Court is mindful that Stagni's Co-Defendant, Robert B. Beale ("Beale"), if convicted, will have a Guidelines range very similar to Stagni's. Based on the evidence the

Court heard at Stagni's trial, Defendant Beale, now a fugitive, was the primary perpetrator in the scheme. There was no evidence adduced at trial that but for Beale's conduct, Stagni would have been involved in committing tax crimes.

After considering the relevant Guidelines and statutory factors, the Court finds that Stagni's 43 month sentence accomplishes the statutory goals and takes into account Stagni's unique circumstances.

BY THE COURT:

s/Ann D. Montgomery

_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 20, 2007